UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HANNAH ULERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON R. RAFFERTY, MD, MICHELLE | ) | No. 1:24-cv-00024-MSM-PAS |
| FORCIER, MD, JULIE LYONS, JESSICA | ) | |
| FIDALGO TOUCINHO, ANDREW | ) | |
| SACKETT-TAYLOR, and | ) | |
| THUNDERMIST HEALTH CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO THE UNITED STATES' MOTION TO DISMISS**

Plaintiff Hannah Ulery responds to the United States' Motion to Dismiss Plaintiff's Claims Against the United States for Failure to Exhaust Administrative Remedies (Doc. 9), and shows the Court as follows:

1.     Plaintiff adopts and incorporates herein in its entirety her Motion to Stay. As set forth in that Motion, Plaintiff respectfully submits that the efficient and fair course would be for this Court to stay these proceedings until August 12, 2024, at which time the parties shall provide a status report suggesting next steps.

2.     Plaintiff respectfully requests that this Court exercise its inherent and broad discretion, in the interest of judicial economy, to temporarily stay these proceedings and defer consideration of the United States' Motion to Dismiss.

3.    By issuing a temporary stay, this Court need not address the jurisdictional issue raised in the Motion to Dismiss at this time.[1] Rather, that issue may be addressed by the parties once the stay is lifted.

4.    At that time, the parties may jointly report that the case can be dismissed because the claims have been resolved. If the claims have not been resolved, the parties may jointly suggest other appropriate next steps.

WHEREFORE, Plaintiff respectfully requests that this Court defer consideration of the United States' Motion to Dismiss in connection with a stay of these proceedings until August 12, 2024, at which time the parties shall provide a status report suggesting next steps.

---

[1] As explained in the Motion to Stay, there appears to be a developing circuit split as to whether 28 U.S.C. § 2675's exhaustion requirements are appropriately categorized as jurisdictional in light of more recent Supreme Court precedent, with the First Circuit yet to weigh in. *See Copen v. United States*, 3 F.4th 875, 880 (6th Cir. 2021); *Kurbatzky v. Dignan*, No. 18-CV-11022-PBS, 2019 WL 7567829, at *4 (D. Mass. Aug. 26, 2019), *report and recommendation adopted*, No. 18-CV-11022-PBS, 2019 WL 7567868 (D. Mass. Sept. 12, 2019). Indeed, the First Circuit has recognized that "[t]he Supreme Court's most recent guidance on what is 'jurisdictional' suggests that we may have erred in presuming that subject matter jurisdiction hinged on compliance with the FTCA's deadlines for presenting claims." *Sanchez v. United States*, 740 F.3d 47, 54 (1st Cir. 2014) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("[W]e have pressed a stricter distinction between truly jurisdictional rules, which govern 'a court's adjudicatory authority,' and nonjurisdictional 'claim-processing rules,' which do not.") (quoting in turn *Kontrick v. Ryan*, 540 U.S. 443, 454–455 (2004))).

Respectfully submitted this 12th day of February, 2024.

> Plaintiff,
> By her Attorneys,
>
> */s/Gregory P. Piccirilli, Esquire #4582*
> 2 Starline Way, #7
> Cranston, RI  02921
> Telephone No.: (401) 578-3340
> gregory@splawri.com
>
> **CAMPBELL MILLER PAYNE, PLLC**
> 5955 Alpha Rd #1491
> Dallas, Texas 75240
> Telephone: (214) 316-7156
>    Ronald L. Miller (admitted *pro hac vice*)
>    Texas State Bar No. 24095424
>    ron@cmppllc.com
>    Daniel Sepulveda (admitted *pro hac vice*)
>    Texas State Bar No. 24100910
>    daniel@cmppllc.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 12, 2024, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notification to counsel of record.

*<u>/s/Gregory P. Piccirilli</u>*
Gregory P. Piccirilli