UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HANNAH ULERY
    Plaintiff

v.

JASON R. RAFFERTY, MD; MICHELLE          C.A. No. 1:24-CV-24-PAS-MSM
FORCIER, MD; JULIE LYONS, JESSICA
FIDALGO TOUCINHO; ANDREW
SACKETT-TAYLOR; AND
THUNDERMIST HEALTH CLINIC
    Defendants

## ANSWER OF DEFENDANT, JULIE LYONS, TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Julie Lyons, hereby files this answer to the Amended Complaint of Plaintiff, Hannah Ulery. Defendant notes that Plaintiff has failed to conform with the Federal Court Rules of Civil Procedure in drafting his Complaint. Specifically, Plaintiff fails to plead a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(1), fails to plead "simple, concise, and direct" manner as required by Rule 8(d)(1) and fails to allege claims in numbered paragraphs "limited as far as practicable to a single set of circumstances" as required by Rule 10(b).

### INTRODUCTION

1. No response is required to the allegations set forth in paragraph 1, including footnote 1 of Plaintiff's Amended Complaint to the extent that they contain medical and legal conclusions. Defendant admits that she provided treatment to Plaintiff, who then identified as Leighton Ulery, admits that Plaintiff met the diagnostic criteria for dissociative identity disorder (DID) with approximately ten alters, and denies all remaining inconsistent allegations set forth in

paragraph 1, including footnote 1 of Plaintiff's Amended Complaint. For purposes of this answer, Defendant refers to Plaintiff using the female gender used in Plaintiff's Amended Complaint, despite the fact that Plaintiff both initially and generally referred to himself as a transgender male during his treatment. No response is made to the extent that these allegations relate to Co-Defendants.

2. Defendant lacks knowledge or information sufficient to form a belief about subsequent treatment Plaintiff received and leaves Plaintiff to her proof thereof, and denies all remaining inconsistent allegations set forth in paragraph 2 of Plaintiff's Amended Complaint. No response is made to the extent that these allegations relate to Co-Defendants.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's Amended Complaint and leaves Plaintiff to her proof thereof.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiff's Amended Complaint and leaves Plaintiff to her proof hereof.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's Amended Complaint and leaves Plaintiff to her proof hereof.

6. Defendant admits that at all relevant times she was a licensed independent clinical social worker in Rhode Island and treated Plaintiff in Rhode Island and denies all remaining inconsistent allegations set forth in paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, including footnote 2 of Plaintiff's Amended Complaint and leaves Plaintiff to her proof hereof.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, including footnote 3 of Plaintiff's Amended Complaint and leaves Plaintiff to her proof hereof.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's Amended Complaint and leaves Plaintiff to her proof hereof.

**JURISDICTIONAL ALLEGATIONS**

10. No response is required to the allegations set forth in paragraph 10 of Plaintiff's Amended Complaint because they are conclusion of law and to the extent that they relate to Co-Defendants. Defendant denies committing any alleged torts.

11. No response is required to the allegations set forth in paragraph 11 of Plaintiff's Amended Complaint because they are conclusion of law and to the extent that they relate to Co-Defendants. Defendant denies committing any torts or engaging in any misconduct.

**ALLEGATIONS RELEVANT TO ALL CLAIMS**

A. Layton's background and mental condition upon meeting the Defendants

12. Defendant denies that Plaintiff presented as a "traumatized lesbian woman", having presented as a transgender male, denies that she was forced to leave her parents, admits that Plaintiff had a history of living in a cult, experienced various forms of abuse and trauma, experienced conversion therapy, left the cult three years prior to commencing treatment with Defendant, moved away from her parents and brother, and lacks knowledge or information

sufficient to form a belief as to the truth of the remaining inconsistent allegations set forth in paragraph 12, including footnote 4 of Plaintiff's Amended Complaint, and leaves Plaintiff to her proof thereof. No response is made to the extent that these allegations relate to Co-Defendants.

13. No response is required to the allegation set forth in paragraph 13 of Plaintiff's Amended Complaint to the extent that they include legal conclusions about causation. Defendant admits that at some point both prior to and during Defendant's treatment, Plaintiff met the diagnostic criteria for DID and manifested symptoms and some diagnostic criteria of other psychological and medical conditions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining inconsistent allegations set forth in paragraph 13 of Plaintiff's Amended Complaint and leaves Plaintiff to her proof thereof.

14. Defendant admits that Plaintiff manifested approximately ten alters during the course of Defendant's treatment, including differing genders, sexual orientations, ages, personalities, levels of maturity and beliefs, that these alters interacted with Plaintiff's girlfriend, that Plaintiff had gaps in her memory relating to certain alters and that Defendant provided treatment to Plaintiff's self and alters. Defendant denies the descriptions of Plaintiff's various alters, that any memory gaps relating to certain alters preventing her from filing this lawsuit in a timely manner and all remaining inconsistent allegations set forth in paragraph 14 including subparts. No response is required to the extent that the allegations relate to Co-Defendants.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and leaves Plaintiff to her proof thereof. No response is made to the extent that these allegations relate to Co-Defendants.

16. No response is required to the allegations set forth in the first sentence of paragraph 16 of Plaintiff's Amended Complaint because it contains legal and medical

conclusions. Defendant admits that at certain times Plaintiff applied for disability benefits, denies helping Plaintiff apply for disability benefits and denies that Plaintiff was ever mentally incompetent to consent to treatment or that she had any disability which prevented her from exercising reasonable diligence to determine whether to file this lawsuit in a timely manner. Defendant denies the remaining inconsistent allegations set forth in paragraph 16 of Plaintiff's Amended Complaint. No response is required to the extent the allegations address Co-Defendants.

17. Defendant denies all of the allegations set forth in paragraph 17 of Plaintiff's Amended Complaint. No response is required to the extent the allegations address Co-Defendants.

### A. Layton seeks and receives treatment from the Defendants

#### i. Defendant Julie Lyons, LICSW

18. Defendant admits treating Plaintiff during the period from April 25, 2017 to December 21, 2017, that she is a licensed independent clinical social worker who has experience in treating clients with DID, and has been diagnosed with DID, denies that her diagnosis adversely affected Plaintiff's treatment, and denies all remaining inconsistent allegations set forth in paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant admits beginning to treat Plaintiff on April 25, 2017, lacks knowledge or information sufficient to form a belief as to the truth of the remaining inconsistent allegations set forth in paragraph 19 and leaves Plaintiff to her proof thereof.

20. Defendant denies that Plaintiff did not consider herself to be transgender as Plaintiff explicitly identified as a transgender male. Defendant admits that Plaintiff wanted treatment for her DID and that Plaintiff's alters differed in the extent that they preferred a more

masculine and feminine appearance. Defendant denies all remaining inconsistent allegations set forth in paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant denies all of the allegations set forth in paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant denies all of the allegations set forth in paragraph 22 of Plaintiff's Amended Complaint.

23. Defendant admits that she believed that it would be counterproductive to Plaintiff to engage in certain psychosocial assessments of Plaintiff's gender identity and denies all remaining inconsistent allegations set forth in paragraph 23 of Plaintiff's Amended Complaint.

24. Defendant admits recommending that Plaintiff seek services from Thundermist Health Center and denies all remaining inconsistent allegations set forth in paragraph 24 of Plaintiff's Amended Complaint. No response is required to the extent the allegations address Co-Defendants.

> ii.   **Thundermist Health Center and its practitioners, Dr. Jason Rafferty, Dr. Katherine Jarrell, Dr. Daniel Harris, Andrew Taylor, PMHNP, Arlene Flynn, FNP, Jessica Fidalgo, LMHC, and Dr. Michelle Forcier of Rhode Island Hospital**

25. Defendant denies the allegations set forth in paragraph 25 of Plaintiff's Amended Complaint to the extent that they relate to Defendant. No response is required to allegations addressed to Co-Defendants.

### July 26, 2017

26. Defendant denies the allegations set forth in paragraph 26 of Plaintiff's Amended Complaint to the extent that they relate to Defendant. No response is required to allegations addressed to Co-Defendants.

<u>November 3, 2017</u>

27.     No response is required to the allegations set forth in paragraph 27 of Plaintiff's Amended Complaint insofar as they are directed against Co-Defendants.

28.     Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Amended Complaint to the extent that they relate to her.  No response is required to the remaining inconsistent allegations insofar as they are directed against Co-Defendants.

<u>December 6, 2017</u>

29-34.  No response is required to the allegations set forth in paragraphs 29 through 34 of Plaintiff's Amended Complaint because they are directed against Co-Defendants.

<u>December 12, 2017</u>

35-40.  No response is required to the allegations set forth in paragraphs 35 through 40 of Plaintiff's Amended Complaint because they are directed against Co-Defendants.

<u>January 9th, 2018</u>

41-51.  Defendant denies the allegations set forth in in paragraphs 45 and 51 of Plaintiff's Amended Complaint to the extent that they relate to her. No response is required to the allegations set forth in paragraphs 41 through 51, including footnote 5 of Plaintiff's Amended Complaint because they are directed against Co-Defendants.

<u>January 30th, 2018</u>

52-53.  No response is required to the allegations set forth in paragraphs 52 through 53 of Plaintiff's Amended Complaint because they are directed against Co-Defendants.

<u>February 2018 and Later</u>

54.     No response is required to the allegations set forth in paragraphs 54 of Plaintiff's Amended Complaint because they are directed against Co-Defendants.

### iii.     Layton's Experience on testosterone quickly declines

55-60. Defendant denies the allegations set forth in paragraphs 58, 59, and 60 of Plaintiff's Amended Complaint to the extent that they relate to her. No response is required to the remaining allegations set forth in paragraphs 55 through 60 of Plaintiff's Amended Complaint because they are directed against Co-Defendants.

November 2021

61-63.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 61 through 63 of Plaintiff's Amended Complaint and leaves Plaintiff to her proof thereof.

29.     64.     Defendant denies the allegations set forth in paragraph 64 of Plaintiff's Amended Complaint. No response is required to allegations addressed to Co-Defendants.

65.     Defendant denies the allegations set forth in paragraph 65 of Plaintiff's Amended Complaint to the extent that they relate to her. No response is required to the extent the allegations address Co-Defendants.

**COUNT I**
**MEDICAL MALPRACTICE/GROSS NEGLIGENCE**

66.     Defendant incorporates by reference her responses to the allegations set forth in paragraphs 1 through 65 of Plaintiff's Amended Complaint.

67.     Defendant admits providing clinical social work treatment to Plaintiff during part of 2017 and that she had a clinician/client relationship with Plaintiff. Defendant denies all remaining inconsistent allegations set forth in paragraph 67 of Plaintiff's Amended Complaint. No response is required to the extent the allegations address Co-Defendants.

68.     No response is required to the allegations set forth in paragraph 68 because they constitute conclusions of law. To the extent that a response is deemed to be required, Defendant

denies the allegations. No response is required to the extent that the allegations relate to Co-Defendants.

69a-b. No response is required to the allegations set forth in subparts a and b of paragraph 69 of Plaintiff's Amended Complaint insofar as they are directed against Co-Defendants.

69c. Defendant denies all of the allegations set forth in subpart c of paragraph 69 of Plaintiff's Amended Complaint.

69d-e. No response is required to the allegations set forth in subparts d and e of paragraph 69 of Plaintiff's Amended Complaint insofar as they are directed against Co-Defendants.

70. Defendant denies the allegations set forth in paragraph 70 of Plaintiff's Amended Complaint to the extent they apply to Defendant. No response is required to the extent that the allegations refer to Co-Defendants.

## COUNT II
## NEGLIGENCE AGAINST THUNDERMIST HEALTH CLINIC

71. Defendant incorporates by reference her responses to the allegations set forth in paragraphs 1 through 70 of Plaintiff's Amended Complaint.

72-74. No response is required to the allegations set forth in paragraphs 72 to 74 of Count II of Plaintiff's Amended Complaint because they relate to Co-Defendants.

## COUNT III
## LACK OF INFORMED CONSENT

75. Defendant incorporates by reference her responses to the allegations set forth in paragraphs 1 through 74 of Plaintiff's Amended Complaint.

76. No response is required to the allegations set forth in paragraph 76 of Count III of Plaintiff's Amended Complaint to the extent that it constitutes a conclusion of law. To the extent that a response is deemed to be required, Defendant denies the allegations. No response is required to the extent that the allegations relate to Co-Defendants.

76-78. No response is required to the allegation set forth in paragraphs 76 through 78 of Count III of Plaintiff's Amended Complaint because they are directed against Co-Defendants. To the extent that any of the allegations are directed against Defendant, then Defendant denies the allegations set forth in paragraphs 76 through 78 of Count III of Plaintiff's Amended Complaint

## COUNT IV
## VICARIOUS LIABILITY AGAINST THUNDERMIST HEALTH CLINIC

79. Defendant incorporates by reference her responses to the allegations set forth in paragraphs 1 through 78 of Plaintiff's Amended Complaint.

80. No response is required to the allegations set forth in paragraphs 80 of Count IV of Plaintiff's Amended Complaint because they are directed against Co-Defendants.

## FIRST AFFIRMATIVE DEFENSE

To the extent that it may become applicable, any damages sustained by Plaintiff should be reduced in proportion to any comparative negligence by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed based upon the assumption of risk doctrine.

**THIRD AFFIRMATIVE DEFENSE**

Defendants claim all rights and privileges afforded by the State of Rhode Island by Defendants involved in matters relating to allegations of medical malpractice, including, but not limited to, the benefits of the collateral source rule.

**FOURTH AFFIRMATIVE DEFENSE**

Any damages sustained by Plaintiff were caused as a result of conduct of third parties over whom Defendants had no control or responsibility and for which Defendant is not liable.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Defendant is held liable to Plaintiff, which liability is denied, any such liability is nullified by the intervening superseding act of persons or entities for which Defendant is not liable.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint should be dismissed because Plaintiff cannot prove that any negligence by Defendant proximately caused Plaintiff's injuries or damages, including the fact that Plaintiff admits her injuries and damages relate to her testosterone treatment, all of which occurred after Defendant treated Plaintiff and for which Defendant had no control or involvement.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint should be dismissed based on Plaintiff's failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed based upon the applicable statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed based upon the equitable doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed based upon the equitable doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed based upon the equitable doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed for failure to join indispensable parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages fail to state a claim upon which relief can be granted and accordingly should be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages violate Defendant's rights to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution and Article I, Section 2, and all other applicable provisions, of the Constitution of the State of Rhode Island.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant denies that she engaged in any malicious, gross willful, wanton, or outrageous conduct sufficient to award punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' Amended Complaint asserts a demand for punitive damages, Defendant specifically incorporate by reference any and all standards and limitations regarding the determination and/or enforceability of punitive damage awards that arose in United States Supreme Court decisions, including, without limitation, State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), Cooper Indus., Inc. v. Leatherman Tool Grp., Inc., 532 U.S. 424 (2001) and BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996).

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Amended Complaint seeks punitive damages against Defendant, Defendant affirmatively pleads the following:

    a. An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of Rhode Island;

    b. An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of Rhode Island;

    c. The criteria used for determining whether and in what punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent and,

      therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of Rhode Island.

d.    An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of Rhode Island; and

e.    Plaintiff's claim for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

f.    There is no principle of limitation on the multiple imposition of punitive damage awards for the same course of conduct and punitive damages are therefore unconstitutional.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff had any disability preventing Plaintiff from filing this lawsuit in a timely manner.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant incorporates by reference affirmative defenses asserted by Co-Defendants.

## TWENTY FIRST AFFIRMATIVE DEFENSE

To the extent applicable, Defendant is entitled to the benefit of a set-off for the amount of the consideration paid for any release signed by Plaintiff, or in any amount or proportion by which the release provides that the total claim should be reduced, if greater than the

consideration paid pursuant to the provisions of the Rhode Island Uniform Contribution Among Tortfeasors Act, R.I. Gen. Laws § 10-6-7.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to add additional affirmative defenses as discovery ensues.

WHEREFORE, Defendant, Julie Lyons, demands judgment against Plaintiff, Hannah Ulery, dismissing her claim with prejudice and assessing costs against her.

Defendant, Julie Lyons, hereby claims a trial by jury and designates Robert P. Landau as trial counsel.

DEFENDANT,
JULIE LYONS, LICSW
By Her Attorney,

    /s/ Robert P. Landau
Robert P. Landau (#544686)
ROBERTS, CARROLL, FELDSTEIN &
PEIRCE, INC.
Ten Weybosset Street, 8th Floor
Providence, RI   02903
(401) 521-7000    FAX 401-521-1328
rlandau@rcfp.com

## **CERTIFICATION OF SERVICE**

      I hereby certify that on December 17th, 2024, I electronically filed the foregoing document and it is available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

                                  /s/ Robert P. Landau

RPL:me  
50-1308  
(4064517)