UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HANNAH ULERY,<br>    Plaintiff,<br><br>    v.<br><br>JASON R. RAFFERTY, M.D., MICHELLE FORCIER, M.D., JULIE LYONS, JESSICA FIDALGO TOUCINHO, ANDREW SACKETT-TAYLOR and THUNDERMIST HEALTH CLINIC,<br>    Defendants. | )<br>)<br>)<br>)  C.A. No. 1:24-CV-24-MSM-PAS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE UNITED STATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS TO THE FEDERAL DEFENDANTS FOR FAILURE TO STATE A CLAIM**

The United States of America, by and through undersigned counsel, submits this Motion to Dismiss and respectfully requests that the Court dismiss Plaintiff Hannah Ulery's Complaint for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6), she failed to timely present her administrative claims as required to waive sovereign immunity under the Federal Tort Claims Act ("FTCA").[1] Accordingly, since Plaintiff's claims are barred by the FTCA's statute of limitations and there is no basis for equitable tolling, Plaintiff's claims should be dismissed.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Statement Of Relevant Facts**

As alleged in the Complaint, Plaintiff went to Thundermist Health Center ("Thundermist") on July 26, 2017 for the purpose of undergoing a gender transition. (ECF No. 3-1, Compl. ¶¶ 25-

---

[1] The FTCA permits suit against the United States—and only the United States—in its own name. *See Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000) (citing 28 U.S.C. §§ 1346(b), 2674, 2679(a)). Accordingly, the United States, the only proper Defendant in this FTCA case, should be substituted as Defendant for Thundermist Health Clinic (correct name Thundermist Health Center), and its employees Jason R. Rafferty, M.D., Jessica Fidalgo Toucinho, and Andrew Sackett-Taylor, who should in turn be dismissed. Defendants Michelle Forcier, M.D. and Julie Lyons were not Thundermist Health Center employees, and the United States does not raise defenses on their behalf.

26, 55-58).[2] Prior to going to Thundermist, Plaintiff sought treatment from Julie Lyons, a licensed social worker, who diagnosed her with gender dysphoria. (Compl. ¶¶ 18-19, 24). Plaintiff alleges that Thundermist and its practitioners misdiagnosed her and pressured her to engage in "improper transgender medicalization" and asserts claims of gross negligence, negligence, and lack of informed consent based on the contention that Defendants "prioritized their own preferences, personal ideologies, and professional agendas . . . pressuring her to adopt a transgender identity and prescribing her with cross-sex hormones . . . ." (Compl. ¶¶ 17, 65-78).

The Complaint does not allege any care by Thundermist providers after 2018 for which the United States would be liable under the FTCA. From July 26, 2017 until approximately September 26, 2018, Plaintiff was treated by Thundermist providers. (Compl. ¶¶ 58-59). Plaintiff alleges that by August 2018 "she informed Dr. Rafferty of her wish to discontinue the [hormone therapy] . . . ." (Compl. ¶¶ 55-57). On September 26, 2018, Plaintiff went to a new physician for treatment, Dr. Michelle Forcier.[3] (Compl. ¶¶ 54, 57-59). Per the Complaint, by at least March 2020, Plaintiff moved from Rhode Island to North Carolina, and began treatment with Monarch Therapy Group and later engaged in Somatic Therapy in North Carolina. (Compl. ¶¶ 61-62). Approximately three years after leaving Thundermist, Plaintiff stopped taking testosterone. (Compl. ¶¶ 60, 62).

Despite treating with numerous providers in both Rhode Island and North Carolina for over five years after leaving Thundermist, Plaintiff alleges that the date of injury allegedly caused by

---

[2] As noted in the government's Notice of Removal (ECF No. 1), Thundermist is a federally supported health center and its employees have been deemed to be employees of a Public Health Service within the meaning of 42 U.S.C. § 233. The U.S. Attorney certified that, based on the information currently available, the employees of Thundermist were acting within the scope of their employment with respect to the allegations in the Complaint. (ECF No. 1-1). Thus, the FTCA applies to the Plaintiff's claims. *See O'Brien v. United States*, 56 F.4th 139, 147 (1st Cir. 2022).

[3] Dr. Forcier specializes in gender, sexual and reproductive health at Brown University. She provides consultation and services for a variety of gender affirming hormones and care plans. *See* https://vivo.brown.edu/display/mforcier (last visited on February 1, 2025).

2

Thundermist's care for the purposes of her FTCA claims is January 15, 2023. (ECF No. 12-1 at 4). Plaintiff concedes that date is unrelated to any medical treatment, and instead alleges that specific date of injury because "[i]t was not until January of 2023, after [Plaintiff] had heard stories from other detransitioners about how they had been wrongfully guided down the transgender medicalization path, that she realized how each of the Defendants had so horribly failed to help her find that transformation before permanently damaging her body and life with the years of testosterone." (Compl. ¶ 64).

### B. Procedural Background

Plaintiff filed a Complaint in Providence Superior Court on October 20, 2023, and filed an Amended Complaint on October 23, 2023, against Thundermist and its employees, Jason R. Rafferty, M.D., Jessica Fidalgo Toucinho, and Andrew Sackett-Taylor, as well as against Defendants Michelle Forcier, M.D. and Julie Lyons. (ECF No. 4, p. 47 (State Court Record)). The government removed Plaintiff's Complaint to this Court on January 16, 2024. (ECF No 1). The government filed a Motion to Dismiss for Plaintiff's failure to exhaust administrative remedies on January 29, 2024. (ECF No. 9). Plaintiff filed an administrative claim with the Department of Health and Human Services ("HHS") on January 30, 2024. (ECF 12-1 at 2). Plaintiff filed a Motion To Stay on February 12, 2024. (ECF No. 12) ("A temporary stay also avoids statute of limitations and tolling issues that might arise if the claims against the federally-covered Defendants are dismissed and then refiled."). The Court granted Plaintiff's Motion to Stay on February 26, 2024. (ECF No. 13). The Court lifted the stay on December 4, 2024. (ECF No. 13).

## II. APPLICABLE LEGAL STANDARDS

### A. Standard for Dismissal for Failure To State a Claim Under Rule 12(b)(6)

In 2015, the Supreme Court determined that the FTCA's two-year limitations period is

3

non-jurisdictional. *See United States v. Kai Fun Wong*, 575 U.S. 402, 420 (2015). Consequently, courts in the First Circuit have held that "motions to dismiss based on the FTCA's statute of limitations should now be brought under [Rule] 12(b)(6) . . . or considered pursuant to Rule 56 (summary judgment)." *Morales-Melecio v. United States*, 890 F.3d 361, 367 (1st Cir. 2018).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal where the complaint fails to state a viable claim. *See Davis v. Coakley,* 802 F.3d 128, 132 (1st Cir. 2015). To withstand a motion to dismiss under Rule 12(b)(6), "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cunningham v. Nat'l City Bank*, 588 F.3d 49, 52 (1st Cir. 2009) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Well-pleaded facts are accepted as true, and factual allegations are viewed in the light most favorable to the plaintiff. *See Rederford v. US Airways, Inc.*, 589 F.3d 30, 34-35 (1st Cir. 2009). Although detailed factual allegations are not necessary, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## ARGUMENT

### III. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF'S ADMINISTRATIVE CLAIMS WERE FILED MORE THAN TWO YEARS AFTER ACCRUAL

The United States moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because Plaintiff failed to timely present and exhaust her claims administratively prior to filing suit and those claims are now barred by the statute of limitations.

### A. Plaintiff Failed to Timely Exhaust Her Administrative Claims

The FTCA provides a limited waiver of sovereign immunity of the United States "for tortious acts and omissions committed by federal employees acting within the scope of their employment." *Hornof v. United States*, 107 F.4th 46, 56 (1st Cir. 2024) (quoting *Soto-Cintrón ex rel A.S.M. v. United States*, 901 F.3d 29, 33 (1st Cir. 2018)). One limitation of this waiver, however, requires that "[a] tort claim against the United States . . . is presented in writing to the appropriate Federal agency within two years after such claim accrues," otherwise that claim is "forever barred." *Morales-Melecio*, 890 F.3d at 366-67 (citing 28 U.S.C. § 2401(b)); *see also Attallah v. United States*, 955 F.2d 776, 779 (1st Cir. 1992). The FTCA only authorizes suit against the United States if a plaintiff first exhausts her administrative remedies. *See* 28 U.S.C. § 2675(a). "Accordingly, it is well-settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim." *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002) as corrected (May 8, 2002) (collecting cases).

Thus, a plaintiff must file an administrative claim with the appropriate federal agency within two years of the accrual of the claim, *see* 28 U.S.C. §§ 2401(b), 2675, and then exhaust the administrative claim by waiting to file a complaint until after receiving a denial from the federal agency or until six months have elapsed since its presentment of the claim. 28 U.S.C. § 2675(a); *see also Roman*, 224 F.3d at 27. This administrative claim requirement is a jurisdictional prerequisite that cannot be waived. *Attallah v. United States*, 955 F.2d 776, 779 (1st Cir. 1992). As a result, the FTCA bars a plaintiff from filing a tort claim against the United States unless she first presents her claim to the appropriate federal agency. *Estate of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006) (citing 28 U.S.C. § 2675(a)). A claim is deemed presented to an agency when a Standard Form 95, or other written notification of an incident, accompanied by a claim for

money damages in a sum certain, is executed and presented to the appropriate federal agency. 28 C.F.R. § 14.2.

The purpose of the FTCA administrative claim procedure is to encourage administrative settlement of claims against the United States and to prevent unnecessary burdening of the courts. *See Corte-Real v. United States*, 949 F.2d 484, 485-86 (1st Cir. 1991). Absent substantial compliance with the requirement that an administrative claim first be presented to the appropriate federal agency, courts have no jurisdiction to entertain suits under the FTCA. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Redondo-Borges v. U.S. HUD*, 421 F.3d 1, 7 (1st Cir. 2005). As with any waiver of sovereign immunity, the FTCA must be "construed strictly in favor of the federal government and must not be enlarged beyond such boundaries as its language plainly requires." *Carroll v. United States*, 661 F.3d 87, 93-94 (1st Cir. 2011) (quoting *Bolduc v. United States*, 402 F.3d 50, 62 (1st Cir. 2005)); *see also Holloway v. United States*, 845 F.3d 487, 489 (1st Cir. 2017).

### B. Plaintiff's Claims Accrued in September 2018 And The Discovery Rule Exception Does Not Apply

Generally, "a tort claim under the FTCA accrues when a plaintiff is injured." *Morales-Melecio*, 890 F.3d at 368 (citing *Ramírez-Carlo v. United States*, 496 F.3d 41, 46 (1st Cir. 2007)). In certain situations, however, either the injury itself or its cause is not readily apparent. *See Donahue v. United States*, 634 F.3d 615, 623 (1st Cir. 2011). As a result, the Supreme Court fashioned a narrow exception, referred to as the discovery rule, to address such circumstances in the medical malpractice context. *See United States v. Kubrik*, 444 U.S. 111, 120 n.7 (quoting Restatement (Second) of Torts § 899 cmt. E) (1979)).

The discovery rule incorporates an objective standard. *See Morales-Melecio*, 890 F.3d at 368-369; *Attallah*, 955 F.2d at 780 ("In order for the statute of limitations to be tolled pursuant to

6

the discovery rule, the factual basis for the cause of action must have been 'inherently unknowable' at the time of the injury."); *Heinrich v. Sweet*, 44 F.Supp.2d 408, 415 (D. Mass. 1999) ("The rationale for the 'discovery rule' is to protect plaintiffs who are blamelessly unaware of their claim either because the injury is latent or because the facts establishing a causal link between the injury and its cause are undiscoverable.") (citing *Kubrick*, 444 U.S. at 121)). The factual basis of a claim is "inherently unknowable" if it is "not capable of detection through the exercise of reasonable diligence at the time of the injury." *Gonzalez,* 284 F.3d at 288-89; *see also Ramírez-Carlo v. United States,* 496 F.3d 41, 47 (1st Cir. 2007).

Although the discovery rule delays accrual when it applies, that delay is not indefinite. Accrual starts when a plaintiff knows or reasonably should have known the factual basis for her claim. *See Callahan v. United States,* 426 F.3d 444, 451 (1st Cir. 2005); *accord Attallah*, 955 F.2d at 780. The accrual of a medical malpractice claim does not require a plaintiff to know the full facts of their injury, nor does accrual await the point at which a plaintiff knows that the acts inflicting the injury may constitute medical malpractice. *See Kubrick*, 444 U.S. at 122; *see also Skwira v. United States,* 344 F.3d 64, 78 (1st Cir. 2003) ("[D]efinitive knowledge of the cause of injury is not required to trigger the accrual of a medical malpractice claim . . ."); *see also Morales-Melecio*, 890 F.3d at 289 (The First Circuit "has clarified that a "a plaintiff need not know the 'full extent of the injury,' . . . 'or that it was negligently inflicted' in order for the statute of limitations to begin to run.") (cleaned up); *Donahue*, 634 F.3d at 623 ("Actual knowledge of the injury and its cause is not necessary for a claim to accrue.") (citing *Callahan*, 426 F.3d at 451)).

Once a plaintiff possesses such critical facts, she "is no longer at the mercy of the [putative defendant]." *Kubrick*, 444 U.S. at 122. At that time, the plaintiff bears the responsibility of "inquiring among the medical and legal communities about whether he/she was wronged and

7

should take legal action." *Gonzalez*, 284 F.3d at 289 (case citation omitted); *see also Kubrick*, 444 U.S. at 123 (same). Once a plaintiff is aware of sufficient facts to be put on notice of a potential tort claim, they must "pursue that claim with reasonable diligence, or risk being held to have relinquished [their] right to pursue it later, after the limitation period has run." *Hernandez Gonzalez v. Manati Med. Ctr.*, No. 16-CV-3120, 2020 WL 3547943 at *6 (D.P.R. June 30, 2020) (citing *Rodriguez-Suris v. Montesinos*, 123 F.3d 10, 16 (1st Cir. 1997)).

Thus, under the general rule, Plaintiff's claim accrued in August 2018, when "that honeymoon phase with testosterone quickly wore off . . . [and she] was expressing growing concerns about the testosterone and doubts about whether she should continue the treatments."[4] (Compl. ¶ 55). At the latest, Plaintiff's claims accrued by September 2018, when Plaintiff stopped treating at Thundermist. (Compl. ¶¶ 58-59). Over five years later, on October 20, 2023, Plaintiff filed a complaint in state court, and filed an administrative claim with HHS on January 30, 2024.

Plaintiff's administrative claim states that the date of injury was January 15, 2023. (ECF No. 12-1 at 4). Plaintiff further notes that "[t]he date depicted above is an approximation based on injuries arising from a course of treatment and discovered on that date." *Id*. However, in the Complaint, Plaintiff alleges that sometime in November 2021, she realized that she did not have gender dysphoria and stopped taking testosterone. (Compl. ¶ 62). At that time, her "experiences with the Defendants were among the furthest things from her mind." (Compl. ¶ 64). Thus, even if the Court determines that Plaintiff was not aware of her injury in 2018, when she claims she was "expressing growing concerns about the testosterone and doubts about whether she should continue the treatments" and "started experiencing significant, problematic side effects," Plaintiff

---

[4] Plaintiff also alleges that in August 2018, she "started experiencing significant, problematic side effects . . . . and she quickly realized that the [hormone] treatment was not going as promised." (Compl. ¶ 56).

was aware of the full extent of her alleged injury, and took action to mitigate it, no later than November 2021. However, November 2021 still predates when Plaintiff filed an administrative claim by over two years, and thus the administrative claim was untimely based on her own descriptions of the discovery of her alleged injuries in the Complaint. (ECF No. 12-1 at 4).

Plaintiff notes in the Complaint that in January 2023, she learned from "other detransitioners" that she potentially had a cause of action for medical malpractice. (Compl. ¶ 64). The accrual of her claims, however, do not hinge upon her knowledge of when she thought she had a legal cause of action, but when the alleged injuries occurred. In construing the facts in the Complaint in the light most favorable to Plaintiff, a person similarly situated to Plaintiff "would have discovered necessary facts in the exercise of reasonable diligence." *Dominguez v. United States*, 799 F.3d 151, 153 (1st Cir. 2015). The factual basis for her tort claim was not " 'inherently unknowable' [to a reasonable person] at the time of injury." *Attallah*, 955 F.2d at 780. When Plaintiff was concerned about continuing with hormone therapy and its effects in 2018—or at the latest when she stopped the hormone therapy of her own accord in November 2021—she could have sought advice and counsel to determine whether or not to file a claim. She did not do so until more than two years later, in January 2024. There is simply no basis to apply the discovery rule exception in this case.

### C. Equitable Tolling Does Not Apply in This Case.

The elements for equitable tolling, which Plaintiff does not allege in the Complaint, are not satisfied here because of the absence of due diligence by Plaintiff and lack of exceptional circumstances, such as fraud or purposeful concealment of a defendant's legal identity, which would justify missing the FTCA's statute of limitations. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). If applicable, the doctrine of equitable tolling suspends the running of the

statute of limitations if a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to the suit. *See Gonzalez,* 284 F.3d at 291; *Bernier v. Upjohn Co.*, 144 F.3d 178, 180 (1st Cir. 1998) ("A party seeking to toll the statute must at the very least show that the information could not have been found by a timely diligent inquiry."). The party seeking tolling has the burden of establishing that it "pursued [its] rights diligently but some extraordinary circumstance prevents [it] from bringing a timely action." *Arellano v. McDonough*, 598 U.S. 1, 6 (2023). Further, when applicable, equitable tolling is "sparingly" invoked. *Irwin*, 498 U.S. at 96.

Plaintiff failed to timely present an administrative claim notifying HHS of the alleged injuries. Plaintiff filed an administrative claim with HHS on January 30, 2024, five years after treating at Thundermist and after filing the Complaint in this case. (ECF No. 12-1, p. 2). Thus, the administrative claim was untimely, and any FTCA claim "forever barred" in accordance with 28 U.S.C. § 2401(b); *see also Gonzalez,* 284 F.3d at 288. Further, given the time that has lapsed since Plaintiff ended treatment at Thundermist (by September 2018), Plaintiff has not and cannot show that she pursued her claim with any diligence. *Id*. Accordingly, the United States respectfully requests that the Complaint against it be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6), because Plaintiff's claims were not timely exhausted and more than two years have passed between the date of the alleged injury and her filing of the Complaint in state court, and thus the statute of limitations has passed and Plaintiff cannot now cure her failure with the administrative claim filed in January 2024 with HHS.

## **CONCLUSION**

For the reasons set forth above, the United States requests that the Court substitute the United States as the defendant for Thundermist Health Center, and its employees Jason R. Rafferty, M.D., Jessica Fidalgo Toucinho and Andrew Sackett-Taylor, and dismiss Plaintiff's claims

entirely against the United States.

    Respectfully Submitted,

    UNITED STATES OF AMERICA

    By its Attorneys,

    ZACHARY A. CUNHA
    United States Attorney

    */s/ Leslie J. Kane*
    LESLIE J. KANE
    Assistant U.S. Attorney
    One Financial Plaza, 17th Floor
    Providence, RI 02903
    (401) 709-5000
    (401) 709-5001 (fax)
    Email: leslie.kane@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on February 7, 2025, I caused the foregoing document to be filed by means of this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Fed. R. Civ. P. 5(b)(2)(E) and Local Rules Gen 304.

                                                                             */s/ Leslie J. Kane*
                                                                             LESLIE J. KANE