UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HANNAH ULERY,<br>    Plaintiff,<br><br>v.<br><br>JASON R. RAFFERTY, M.D., JULIE LYONS, JESSICA FIDALGO TOUCINHO, ANDREW SACKETT-TAYLOR and THUNDERMIST HEALTH CLINIC,<br>    Defendant. | C.A. No. 1:24-CV-24-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

    Before the Court is the Motion to Dismiss of the United States of America, acting on behalf of the defendants, Thundermist Health Center, its employees Jason R. Rafferty, M.D., Jessica Fidalgo Toucinho, and Andrew Sackett-Taylor, and Julie Lyons. (ECF No. 19.) This case arises from injuries allegedly suffered by the plaintiff, Hannah Ulery, as a result of healthcare provided by the defendants between 2017 and 2020. (ECF No. 3. ¶¶ 66–70.) On October 20, 2023, Ms. Ulery filed a complaint in Rhode Island Superior Court asserting claims for medical malpractice and related causes of action against the defendants. *Id.*

    The United States removed this case to federal court under the Federally Supported Health Centers Assistance Act ("FSHCAA"). (ECF No. 1); *see* 42 U.S.C. § 233. The United States then moved to dismiss the Plaintiff's claims against

Thundermist and its employees pursuant to Federal Rule of Civil Procedure 12(b)(6). The Government's argument is that the Court lacks jurisdiction over those claims because Ms. Ulery failed to first file an administrative claim, as required by the Federal Tort Claims Act ("FTCA"). (ECF No. 9.) The day after the filing of that motion, the Plaintiff filed an administrative claim with the Department of Health and Human Services ("HHS"). (ECF 12-1.) The Court then stayed litigation of this case while her administrative claim was pending.

That stay was lifted in December 2024. The United States then again moved to dismiss under Rule 12(b)(6), now arguing that the claims against Thundermist and its employees are barred both because the Plaintiff failed to exhaust her administrative claims before filing her original Complaint and because her claims are time-barred under the FTCA. (ECF No. 19.) The first of these defenses is dispositive, and mandates dismissal of the Plaintiff's FTCA claims.[1]

Under the FSHCAA, the FTCA is the exclusive remedy for a plaintiff alleging a claim "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." 42

---

[1] Although the Court does not reach the question of whether her claims are time-barred under the FTCA's two-year statute of limitations, *see* 28 U.S.C. §§ 2401(b), 2675, the Court notes that the fact that Ms. Ulery's alleged injuries stem from healthcare provided by Defendants from 2017 through 2020 weighs heavily against the timeliness of the FTCA claims, notwithstanding her invocation of the discovery rule or equitable tolling.

U.S.C. § 233(a). The United States asserts, and the Plaintiff does not dispute, that Thundermist is a federally qualified health center and its employees are deemed to be federal employees for the purposes of the FSHCAA. *See* ECF No. 1; ECF No. 23.

The FTCA is a limited waiver of the United States' sovereign immunity from liability for certain tortious acts and omissions of federal employees. *Holloway v. United States*, 845 F.3d 487, 489 (1st Cir. 2017). "A key FTCA requirement is that a person cannot sue under it unless he first presents his 'claim' to the relevant administrative agency 'within two years after such claim accrues.'" *Id.* (quoting 28 U.S.C. § 2401(b)). A plaintiff "may not file [an FTCA] tort claim in district court until (i) the agency finally denies the administrative claim, or (ii) six months pass without a final denial of the administrative claim—whichever comes first." *Barrett ex rel. Est. of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006). "Accordingly, it is well-settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim." *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002), *as corrected* (May 8, 2002). "[C]ompliance with this statutory requirement is a jurisdictional prerequisite to suit that cannot be waived." *Id.* This requirement mandates dismissal even when a plaintiff's subsequent administrative claim is resolved while the plaintiff's prematurely filed federal case is pending. *See McNeil v. United States*, 508 U.S. 106, 110–12 (1993).

Ms. Ulery filed her Complaint alleging claims against Thundermist and its employees before filing her administrative claim against HHS. As such, under the FTCA and *McNeil*, the Court must dismiss the Plaintiff's claims against Thundermist

3

and its employees, Jason R. Rafferty, M.D., Jessica Fidalgo Toucinho, and Andrew Sackett-Taylor.

The remaining claims are all state-law claims against Julie Lyons that are not subject to the FSHCAA. "A federal court exercising original jurisdiction over federal claims also has 'supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (quoting 28 U.S.C. § 1367(a)). When a case has been removed to federal court and the federal claim is disposed of before trial, it is within this Court's discretion to decide whether to keep the remaining state-law claims or remand them. 28 U.S.C. § 1367(c). "'In making these decisions, district courts must examine the totality of circumstances,' including considerations of 'comity, judicial economy, convenience, fairness and the like.'" *Legion Ins. Co. v. Fam. Serv., Inc.*, 561 F. Supp. 2d 232, 239 (D.R.I. 2008) (quoting *Che v. Mass. Bay Transp. Auth.*, 342 F.3d 31, 37 (1st Cir. 2003)).

Considering the totality of the circumstances, including the early stage of the present litigation and the fact that Ms. Ulery's claims against Ms. Lyons are traditional state-law claims related to medical malpractice, the Court will decline jurisdiction over the claims against Ms. Lyons and remand them to the state court where Ms. Ulery originally brought them.

In sum, the Motion to Dismiss as it concerns the defendants, Thundermist, Jason R. Rafferty, M.D., Jessica Fidalgo Toucinho, and Andrew Sackett-Taylor, is

4

GRANTED. (ECF No. 19.) Because the claims against those defendants are dismissed on jurisdictional grounds, the dismissal is without prejudice. *See U.S. ex rel. Poteet v. Bahler Med., Inc.*, 619 F.3d 104, 115 (1st Cir. 2010). The state-law claims against defendant Julie Lyons are REMANDED to the Rhode Island Superior Court sitting in Providence, for the counties of Providence and Bristol.

IT IS SO ORDERED.

*[signature: Mary S. McElroy]*

Mary S. McElroy,
United States District Judge

September 17, 2025